**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1400**

———————

FREDERICK EPEYE NGUEA,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A77-251-505)

———————

Submitted:  November 17, 2004      Decided:  December 20, 2004

———————

Before LUTTIG and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Danielle Beach-Oswald, NOTO & OSWALD, PC, Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, Saul Greenstein, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Frederick Epeye Nguea, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Nguea challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Nguea fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the immigration judge's denial of Nguea's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Nguea fails to show that he

is eligible for asylum, he cannot meet the higher standard for withholding of removal.[*]

Accordingly, we deny the petition for review. We also deny Nguea's motion for acceptance of supplemental documentation and his motion for stay of removal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]Nguea does not challenge the denial of his request for protection under the Convention Against Torture in his petition for review.